# York, Appellant, *v.* Besley.

*Assignor—Assignee—Adverse interest—Disqualification.*

One who is disqualified because of his adverse interest cannot become the assignee of an insolvent. Being so disqualified a promise by him to pay the debt of his assignor is void and incapable of enforcement.

In an action by a creditor against an assignee, on the personal promise of the latter that he would pay the debts of the assignor, a verdict in favor of the defendant will be sustained, where the defendant was disqualified to perform his duties, and the whole agreement was void as being incapable of lawful performance. As the defendant could not by law qualify as receiver, he could never, as such, have possession of the property of the insolvent. The contract he entered into was incapable of performance and the consideration thereof failed.

Argued April 17, 1926.   Appeal No. 98, October T., 1926, by plaintiff, from judgment of C. P. Bradford

County, February T., 1923, No. 129, in the case of David B. York v. Roy Besley. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on oral promise of assignee. Before BARBER, P. J., 56th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were the charge of the court, answers to points, and refusal of defendant's motion for judgment non obstante veredicto.

*J. Roy Lilley,* of *Lilley & Wilson,* for appellant.

*David J. Fanning,* and with him *Rodney A. Mercur,* for appellee.

OPINION BY TREXLER, J., July 8, 1926:

Roy Besley, the defendant, held a purchase money mortgage on a farm owned by Anthony and Tilda Fiene. He entered judgment on the accompanying bond and issued execution. The mortgagors denied default and petitioned the court to stay the writ. York, the appellant, and other creditors of Anthony Fiene filed a petition asking a receiver for Fiene's estate, alleging insolvency.

When a hearing in the insolvency proceeding was had, it was shown that Fiene had made a deed of assignment for the benefit of his creditors to Roy Besley and said deed was subscribed: "I accept the foregoing trust, Roy Besley." The assertion was made that Besley was incompetent to act under the insolv-

ency act. He replied that Fiene was solvent and that he would handle the property and that all creditors would be paid and a substantial balance remain.

All the parties being in court, they agreed as follows: "It is agreed that no Answer shall be filed to the Petition in this case, and that the Court may decree the necessary facts, and the necessity for the appointment of a Receiver for Anthony Fiene; and that all parties consent to the appointment of Roy Besley, of Columbia Township, as Receiver; and Roy Besley has agreed to pay all of the creditors of Anthony Fiene, or jointly of Anthony Fiene and Tilda Fiene, not including the mortgage, on or before October 1, 1922, with costs and interest, less Fifty Dollars, ($50) to be deducted from the whole, pro rata, except such creditors as may consent to an extension of time or make other settlement; and that the said Roy Besley in addition to complying with the Order of the Court in connection with the appointment and with the provisions of the law, will give an additional bond in an amount to cover all of the said debts, conditioned for the compliance with this agreement; the bond to be prepared and filed within five (5) days of the date hereof, to be approved by the Court or the Prothonotary; the same to run to the Commonwealth, to the use of the parties interested. Later, it is agreed that the bond of Roy Besley for the securing of the creditors referred to shall be in the penal sum of $3,000.

"I hereby certify that the above and foregoing is a correct transcript of the agreement entered into by the parties in the above cause, on the date aforesaid. Jos. G. Pratt, Official Stenographer. The foregoing agreement is hereby approved, and directed to be filed. Wm. Maxwell, Judge."

Besley, the next day, sent word that he declined to act and his written declaration followed soon after: "The undersigned is advised that the Court had made

an order appointing him receiver for Anthony Fiene, above named. Because of the changed conditions, and the inimicable and antagonistic attitude of Anthony Fiene, and in particular of his family, the undersigned refuses to accept the appointment of receiver in this above matter. (Signed) Roy Besley." Afterwards, another person was appointed receiver. The plaintiff, a creditor of Fiene, brought this action in assumpsit on the promise of Besley that he would pay all the debts.

At the trial, the court submitted to the jury the question whether the deed of assignment had been actually delivered to Roy Besley and instructed them that if he accepted it, the property of Fiene vested in him as assignee and he could not divest his title except by formal deed and if the market value of the property so received was sufficient to pay all the creditors, he was bound by his verbal contract to pay.

The verdict of the jury was in favor of the defendant and, therefore, we conclude that there was no delivery of the deed. This would settle any liability attached to Besley, by reason of the deed of assignment. We may observe, apart from the finding of the jury, that the deed merely transferred the property to Besley. There is no provision in said deed that Besley was to pay the debts, merely a statement of the ordinary duties of an assignee. His failure to qualify would be proper cause for his removal and he might be liable for non-performance of duty, see Act of June 4, 1901, P. L. 404, Section 37. But the loss to the estate would necessarily be the subject of proof and would not impose an obligation to pay the debts of the assignor. We may also note that the appointment of the receiver presupposes that no assignee has been appointed. The act of 1901, supra, provides in section 8, that a disinterested person should be appointed as receiver unless the insolvent has made an assignment for the benefit of his creditors. The assignee and re-

ceiver are both under the control of the court, Section 17. In the present case, the court functioned through a receiver, and as there cannot be both receiver and assignee in the same estate, Besley, as assignee, dropped out of the case.

As the deed was never delivered, the only matter that remains is the question whether any liability attached to Besley through the agreement set forth above and entered into in court and under which he was appointed receiver. The trial judge held that Besley could, when he found conditions changed, resign. Whether this be so or not, in view of the assumption of Besley, that he would pay the debts of Fiene if appointed, we need not decide. The undisputed facts show that Besley was an interested person and incompetent to act. No agreement of the parties could make him competent. The oath he was required to take is as follows: "I, ———, do solemnly swear (or affirm) that I am legally qualified to act as assignee (or receiver) of the estate of ———, an insolvent; that I am not interested therein or adversely thereto; that I will faithfully manage said estate for the benefit of the creditors thereof, in the manner provided by law, and will fully and accurately account for all the assets. So help me God (or, and so I do affirm)."

Besley would have been required to perjure himself in order to qualify. This being so, he was absolved from his engagement. Whatever reason he might give for his declination of the appointment, matters not, so long as he could not legally qualify. The whole agreement was void as being incapable of lawful performance. Neither the attorneys in the case, the parties, or the court could put away the provision of the act of assembly, and the finding of the court that he was not interested made pursuant to the agreement of all the parties to that effect was a nullity. The plaintiff's statement which is filed in the case is fully warranted when it sets forth that "prior to the making of

the agreement referred to, it had appeared in the proceedings and was admitted that Roy Besley was adversely and. inconsistently interested against the interests of Anthony Fiene and Tilda Fiene and their creditors.'' As he could not by law qualify as receiver, he could never as such have possession of the property of the insolvent. The contract he entered into was incapable of performance and the consideration thereof failed.

The assignments are overruled and the judgment is affirmed.